### SUSAN A. APPLETON *vs.* INHABITANTS OF NANTUCKET.

Plymouth. October 17. — 21, 1876. COLT, DEVENS & LORD, JJ., absent.

The Gen. Sts. *c.* 45, § 6, which provide that a person owning or occupying lands adjoining a highway may construct a sidewalk, within such highway and define its limits by posts or otherwise, do not relieve towns from the obligation to keep their highways safe and convenient for travellers, and the right thereby given is subject to the condition that the way shall not be unreasonably obstructed by the exercise of the right.

In an action against a town for an injury resulting to a traveller from the collision of his carriage with a post in a highway on which he was driving, it appeared that the way was seventeen feet wide from fence to fence; that the post was one of two erected by the owner of the adjoining land, three and two thirds feet from the fence, to indicate the width of a sidewalk; that the carriage rut, until within a short time, had been about the same distance from the fence as the post, and there was evidence that the rut had been but partially obliterated when the post was set, and a new track made. The defendant requested the presiding judge to instruct the jury that the posts would not be a defect, for which the town would be liable, unless they unreasonably obstructed the way. The judge refused to give this instruction, and instructed the jury that the question for them was, whether the posts made travel unsafe for those travelling with due care in the ordinary travelled path, as it then existed. *Held,* that the instruction given presented the question with sufficient precision, although not in the words of the statute.

TORT for injuries sustained by an alleged defect in a high-way, which the defendant was bound to keep in repair.

At the trial in the Superior Court, before *Putnam*, J., it appeared in evidence that there was a way in Nantucket, used for public travel, and known as York Street, which had been so used and known for a period of more than forty years. The defect complained of consisted of two posts standing on the southerly side of the way, against one of which the wagon in which the plaintiff was riding struck, so that she was thrown out and received injuries. This way varied in width from fourteen to seventeen feet, and, at the place where these posts were set, was seventeen feet wide, from fence to fence. The posts were twenty feet apart, and were three and two thirds feet from the fence, which marked the southerly line of the way. They were of wood, about three inches in diameter, three and two tenths feet in height, and painted white, as was also the fence next south.

There was evidence tending to show that the foot travel on York Street was almost wholly on the southerly side of the street, and that this side of the way was worn hard by such travel; that there was no sidewalk on that side of the way, indicated by being raised, or otherwise separated from the carriage way; that there was no sidewalk on the north side of the street; that the carriage travel had worked towards the south side of the street, until, at a time about three weeks before the accident, the carriage rut upon that side of the way, and at the place where the post which was struck was set, was about the same distance from the fence as the post, and thence curved in towards the fence, being, at the easterly post, within eighteen inches of the line of the fence.

The defendant put in evidence tending to show that the person, owning and occupying the lands adjoining this part of the way, caused these posts to be erected, to protect this foot way and to indicate the width of a sidewalk, and that the person setting the posts obliterated the old rut, and dug a horse track for a new line of travel, outside of and clear from the posts; that the wagons used in Nantucket were about four inches narrower than those used elsewhere, and that two of them, with due care, might safely pass each other opposite these posts. Upon several of these points, there was contradictory evidence put in by the

plaintiff, tending to show that foot passengers took no particular line of travel in the street, and that, at the time of the accident, there was no obliteration of the old ruts; that the same were plainly visible, and led from the west, easterly (the direction in which the plaintiff was travelling) towards and up to the post which occasioned the injury.

The defendant requested the judge to rule that these posts did not constitute a defect, for which the town would be liable; but the judge declined so to rule. The defendant then requested the judge to instruct the jury that these posts would not be a defect, for which the town would be liable, unless they unreasonably obstructed the way. The judge declined to give this instruction; but upon these points instructed the jury, that whether or not these posts unreasonably obstructed travel was a proper matter for the jury to consider, as bearing on the question whether they constituted a defect in the highway; that the question for the jury was, whether they made travel unsafe for those travelling with due care, in the ordinary travelled path, as it then existed; if so, there was a defect; otherwise, not. The judge gave other instructions upon what constituted a defect, and due care, to which no exception was taken. The jury found for the plaintiff; and the defendant alleged exceptions.

*G. A. King*, for the defendant.

*J. White*, for the plaintiff.

AMES, J. It is provided by the Gen. Sts. *c.* 45, § 6, that a person, owning or occupying lands adjoining a highway or road in a town, may construct a sidewalk within such highway or road, and along the line of such land, indicating the width of such sidewalk, by trees, posts or curb-stones. The privilege allowed by this statute is attended with certain limitations and conditions, and is manifestly not intended to supersede or qualify the general obligation of towns to keep their highways and streets safe and convenient for travellers. By the express terms of the section giving the privilege, the sidewalk so constructed, with its posts and curb-stones, is still subject to the authority of the highway surveyors, and is liable to be removed by them; and even if they do not interfere, the landowner, by maintaining it in front of his land, may nevertheless become responsible for unreasonably obstructing the way. In other words, the right to

construct and maintain such a sidewalk, and to define its limits by posts or otherwise, is subject to the condition that it must not unreasonably obstruct the way.

In *Macomber* v. *Taunton*, 100 Mass. 255, cited by the defendant, the carriage way was of ample width, and was level, smooth and straight, and there was no trouble in passing except for the darkness. The post by the edge of the sidewalk in that case was held not to be a defect in the way for which the town was responsible. Whether, in a narrower road and under other circumstances, such a post might not be an unreasonable obstruction to the way, is a question not disposed of by that decision. It must generally be a pure question of fact, depending in every instance upon the special circumstances of the case.

The defendant also refers to *Young* v. *Yarmouth*, 9 Gray, 386, in which it was held that a telegraph pole, at the edge of the sidewalk in a highway, was not a defect or obstruction for which the town was responsible. But that case appears to have turned upon the consideration that, by an express statute, (St. 1849, c. 93, § 3,) the location of the telegraph posts was by the selectmen, as public officers, and not as mere agents of the town, and was conclusive upon all parties. The judgment by Mr. Justice Dewey, in behalf of the court, is to the effect that, but for the above cited clause of the statute, such a post might have been found to be a defect that would render a town liable to any one injured thereby.

The question for the jury therefore was whether the post, against which the plaintiff's wagon struck, did unreasonably obstruct the way. This question might have been submitted to them in the exact words of the statute, but we are not prepared to say that the court was bound to use that precise form of expression. As a defect in a highway, rendering it unsafe to a careful traveller, is necessarily an obstruction to the way, the instruction given presented the question with sufficient precision.

*Exceptions overruled.*