COMMONWEALTH *vs.* BENJAMIN H. FRANKLIN.

Worcester.   Oct. 3. — Nov. 25, 1882.   LORD, C. ALLEN & COLBURN, JJ.,
                                        absent.

If a person makes a sidewalk about four feet wide in the street in front of his
land, marking the outer line by trees, posts and stones, and at one end the walk
touches the line of his land and at the other end is about eight feet from the
line of his land, it is error·to rule, at the trial of an indictment for obstructing
the highway, that the walk is an illegal structure, and not in accordance with
the Gen. Sts. *c.* 45, § 6; but it is a question of fact for the jury whether the walk
is an unreasonable obstruction.

MORTON, C. J.   This is an indictment for obstructing a
highway.   It appeared at the trial that the defendant made
a sidewalk in the street in front of his land, marking the
outer line by trees, posts and stones; he made a concrete walk
of about four feet in·width; at the southerly end, this con-
crete walk touched the line of his land; at the northerly end,
the outer line of the concrete walk was about twelve feet
from the line of his land.   Thus at the northerly end a space
of about eight feet was left between the concrete walk and
his fence, which gradually lessened as the southerly end was
approached.

The bill of exceptions is somewhat obscure, but, as we under-
stand it, the presiding justice ruled that the walk was an illegal
structure, and not in accordance with the statute, and in law
made the defendant liable to indictment, without inquiring
whether, as matter of fact, it was an unreasonable obstruction.
We are of opinion that this ruling was based upon too strict a
construction of the statutes.

The Gen. Sts. *c.* 45, § 6, provide that " a person, owning or
occupying lands adjoining a highway or road in a town, may
construct a sidewalk within such highway or road, and along the
line of such land, indicating the width of such sidewalk by trees,
posts or curbstones, set at reasonable distances apart, or by a
railing."   This statute gives to an abutter the privilege of ap-
propriating a part of the highway for the purposes of a sidewalk,
but the privilege is limited and qualified by provisions that the
section " shall not diminish or interfere with the authority of

surveyors of highways, or any other authority that can be legally exercised over highways or roads; nor shall it in any manner diminish the liability of any person for unreasonably obstructing highways or roads." See *Macomber* v. *Taunton*, 100 Mass. 255; *Appleton* v. *Nantucket*, 121 Mass. 161. The statute does not provide how much of the highway may be appropriated for a sidewalk, nor how it shall be built, nor that it shall be of uniform width, nor that the outer line shall be parallel with the line of the land of the abutter. The Legislature deemed that the rights of the public would be sufficiently guarded by making the right to construct and maintain a sidewalk, and to define its limits by posts or trees, subject to the condition that it must not unreasonably obstruct the way.

The words "along the line of such land" do not necessarily import that the part of the sidewalk finished for travel must at all points touch or be parallel to the line of the land. It may happen that, owing to the peculiarities of the land, or because of the direction which public foot travel had before taken at this place, it would be more convenient and better to finish the foot-walk, as was done in this case, in a direction not exactly parallel with the landowner's fence.

The court erred in ruling, as matter of law, that a sidewalk thus built was unlawful. It should have been left to the jury to decide whether it unreasonably obstructed the highway.

*Exceptions sustained.*

*A. J. Bartholomew*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.