WILLIAM DICKINSON *vs.* CITY COUNCIL OF WORCESTER.

Worcester. Oct. 3, 1884. — Feb. 27, 1885. C. ALLEN & COLBURN, JJ., absent.

If a petition for a writ of certiorari to be issued to a city council is reserved by a single justice of this court for the consideration of the full court, upon the petition and answer, and the report of certain evidence, the allegations of the answer in matters of fact are to be taken as true except so far as they are controlled by the evidence reported.

The city ordinance of Worcester, c. 9, § 3, requiring the commissioner of highways to make a full and accurate estimate of the expense of proposed work, and of damages to abutters or others, and to make plans and report them with his estimates to the city council, is merely directory; and his failure to do so is no ground for quashing an assessment laid upon an owner of a lot of land for constructing a sidewalk in front of his land.

An assessment upon the owner of a lot of land, for building a sidewalk in front of such lot, is not necessarily unjust and disproportionate because the amount by the linear foot is greater than the amount assessed at the same rate upon an adjoining lot.

The city council of Worcester, having accepted the St. of 1869, c. 390, passed an ordinance, providing that, when any sidewalk should be established, the commissioner of highways should grade the same, set the curbstones, pave the gutters, and construct the sidewalk, and the city council should assess upon the owners of the several estates abutting thereon "their just and proportionate part of the expense of paving said walk;" and that the expense of constructing any sidewalk should be assessed upon the abutters, but no part of the expense of grading the street, setting the curbstones, or paving the gutters should be so assessed, but should be paid for by the city. *Held,* that the expense of grading a sidewalk so as to conform to the already established grade of the street could not be included in the assessment. *Held, also,* that the words "gutters and curbstones" in the ordinance referred to the gutters and curbstones lying between the sidewalk and the part of the street devoted to carriage travel.

PETITION for a writ of certiorari to quash the proceedings of the city council of Worcester, in assessing upon the petitioner the sum of $499.22, as his proportionate share of the expenditures of the city for sidewalks on Belmont Street.

The petition alleged that the petitioner owned an estate abutting on Belmont Street three hundred and fifty feet and six inches; that on November 13, 1883, the city council adopted an order assessing him and his estate the sum above stated, for the alleged expense of constructing a sidewalk; and that the city council had refused to abate the assessment.

The petition averred that the assessment was illegal and void for the following reasons:

" First. Because said assessment wrongfully and illegally includes, and is in part composed of, sums of money expended and purporting to have been expended in making a change and elevation of grade and alteration of said land and street upon which said sidewalk was laid out and constructed, and in filling in with earth, gravel, and other materials upon the location of said sidewalk ; and the expense of said change and elevation of grade, and alteration and filling, including the labor done and materials furnished therein, constituted a very considerable sum, and was a considerable part of the expenditures so assessed upon petitioner, and said change of grade, alteration, and filling were substantial and material, and materially damaged petitioner and his said estate, and were unauthorized by law and by the charter and ordinances of said city.

" Second. Because said assessment is in part for the expenditures of said city in making a substantial change of grade and alteration of said street abutting said estates of the petitioner and others, and said assessment is in part for expenditures for work and materials not ordered in said order for the construction of said walk.

" Third. Because a part of said assessment is for grading, and a part thereof for cross walks, and a part thereof for flagstones, and a part thereof for return curbstones, and a part for short corners, and a part for gravel, and a part for filling, and a part for other expenditures of said city; all of which are for other expenses than for paving said sidewalk.

" Fourth. Because said assessment includes expenditures for materials furnished and labor done for supporting said sidewalk as so constructed, and for planking said street and sidewalk on account of said change and elevation of grade, and alteration of said street and walk.

" Fifth. Because said commissioner of highways, before commencing the work of constructing said sidewalk and making said change of grade and alteration, did not make or cause to be made, under the direction of said committee on highways and sidewalks, a full and particular estimate of the expense of said change of grade and alteration, and the plans thereof, nor ascertain either exactly or approximately the damage the abutters thereon, or others, would be justly entitled to claim or demand of said city,

in case said alterations should be made and the work thereof done, nor did he report such plans nor an estimate of such cost and damage to the city council, nor did he cause the level of said sidewalk altered to be ascertained with reference to permanent objects in the vicinity, nor was a record or other evidence thereof, or of such proceedings, placed in the custody of the city engineer of said city.

" Sixth. Because said assessment upon petitioner is greater than his just and proportionate part of the expense of paving said sidewalk laid."

The answer set forth an order of the city council on May 22, 1882, laying out the sidewalk, an order to the commissioner of highways, on July 10, 1882, " to set the curbstone to the grade established by the city council, and to pave the gutters, and construct the sidewalk with good hard-burnt paving brick, or other good material, on the north side of Belmont Street from Oak Avenue to the easterly line of the estate of William Dickinson," and an order on November 13, 1882, assessing the expense upon the abutters, including the petitioner.

The answer further averred that Belmont Street had been located and laid out as a county road, and the grade of the street was established and wrought up to grade long before the sidewalk was constructed; that the sidewalk was established and laid out to conform to the level and grade of the street as so laid out and established as a county road; that in order to construct the sidewalk to correspond and conform to the level of the wrought part of said street, it was necessary to use some earth and gravel, and a small portion of the expense of constructing the sidewalk was for the earth and gravel so used, but all the earth and gravel so used was for the proper construction of the sidewalk to conform to the grade of the said street as already laid out and established, and no change of grade of said street was made.

The answer then proceeded as follows: " The respondents deny that the construction of said sidewalk in such a manner as to conform to the grade of the said street was any damage to the petitioner's estate; and they deny that any of the acts done in the construction of said sidewalk were unauthorized by law, and by the charter and ordinances of said city.

" The respondents deny that said assessment is in part for ex-
penditures of said city in making a substantial change of grade
and alteration of said street abutting said estates of petitioner
and others, and deny that said assessment is in part for expendi-
tures for work and materials not ordered in said order for con-
struction of said sidewalk; but, on the contrary, the respondents
say that no change of grade or alteration of said street was
made, and said sidewalk was constructed so as to conform in
grade to the grade of the street as already established.   The
respondents deny that a part of said assessment is for grading,
except such grading of the said sidewalk as was necessary and
proper in order to construct it in conformity with the grade of
the street as already existing, and they deny that any portion
of said assessment is for cross walks or flagstones, or return
curbstones, or for short corners, except within the limits of said
sidewalk, and as hereinafter explained, but admit that a part of
said assessment is for such necessary earth and gravel as was
required properly to construct said sidewalk in conformity re-
specting grade to the grade of the street as already established,
and they aver that all said expenditures were incidental to the
proper construction of said sidewalk.

" The respondents deny that said assessment includes expendi-
tures for materials furnished and labor done for supporting said
sidewalk as so constructed, and for planking said street and side-
walk on account of any change and elevation of grade and altera-
tion of said street and walk ; but the respondents admit that the
surface of petitioner's land was at such level with reference to.
the street that it was necessary, in order to construct said side-
walk in conformity to the grade of the street, to use planking,
and a small part of said assessment is for the cost of such plank-
ing, and the labor of setting the same.

" The respondents admit that the commissioner of highways
did not make the estimate, nor ascertain the damage, nor report
plans or estimates of cost or damage, to the city council, men-
tioned under the fifth division of the petitioner's objections to
said assessment, nor was he required so to do, and his failure to
do so did not in any way affect the validity of said assessment.

" The respondents aver that the decree laying out said side-
walk ascertained the level of the same, with exactness, and the

highway commissioner built and was required to build it according to said decree, and the said commissioner had no other duty with reference to the level of said sidewalk. The respondents deny that said assessment upon the petitioner is greater than his just and proportionate share of the expense of constructing said sidewalk.

" The respondents aver that the auditor of the city of Worcester, on November 13, 1882, reported to the city council the account of the expenses and outlays incurred in the construction of said sidewalk. The respondents aver that the said assessment was made up of the following items."

The answer then set forth eleven items of expense. The first was $14.71, for cobble paving in the sidewalk inside the curbing, and where a driveway across the sidewalk was constructed for the convenience of the petitioner. The second was $41.48, for flagstones in the sidewalk across the driveway. The third was $9.35, for stone running across the sidewalk at each end of the driveway, and forming no part of the curbstone next to the gutter of the street. The fourth was $6, for stones at the corners of the driveway. The fifth was $1.60, for labor in levelling up the sidewalk. The sixth was $53, for earth and gravel necessary to construct the sidewalk, so as to conform to the established grade of the street. The seventh was $42.59, for the labor of laying brick in the sidewalk. The eighth was $278.77, for the brick used in the sidewalk. The ninth was $13.12, for plank necessary in constructing the sidewalk at a grade to conform to the grade of the street. The tenth was $3.50, for labor in setting the planks. The eleventh was $35, for the sand in which the bricks were laid.

At the hearing, before *Devens*, J., the petitioner put in evidence records, from the office of the city engineer, of measurements of the sidewalk for which the assessment in question was made, from which it appeared that the length of brick sidewalk, the expense of which was assessed to the petitioner, was three hundred and fifty and a half feet; that the area of the driveway over the walk, constructed of flagstones and cobble paving, was forty-five and three tenths square yards, and the average length of the driveway thirty-seven and eight tenths feet; that the length of the sidewalk abutting on the adjoining estate upon

the same street, and laid out and assessed under the same orders
as the sidewalk of the petitioner, was one hundred and fifty-four
feet, for which the assessment was $163.33, and that the grade
of the street abutting the petitioner's land before the sidewalk
was constructed was higher than his land, and was raised higher
by the construction of the sidewalk.

On June 11, 1866, the city of Worcester adopted the St. of
1866, c. 199; and on September 20, 1869, the city council of
Worcester duly accepted the St. of 1869, c. 390.

At the request of the parties, the judge reserved the case for
the consideration of the full court, upon the petition, answer,
and the above evidence, and with the right to either party to
refer to the ordinances of the city of Worcester. Such decree
was to be entered as justice might require.

*F. J. Barnard*, for the petitioner.

*F. P. Goulding*, for the respondents.

FIELD, J. This cause was reserved upon the petition, answer,
and certain evidence which has been reported. The allegations
of the answer, in addition to the record, if the answer be re-
garded not only as a certificate of the doings of the city council
not formally appearing of record, but also as a pleading alleging
facts which are extrinsic to the records and doings of the city
council, and which tend to show that substantial justice has
been done, must, upon a reservation upon the petition and
answer, be taken to be true, except so far as the case is re-
served upon evidence relating to such allegations of fact in the
answer. This disposes of some of the questions argued by the
petitioner.

It appears by the answer, that the expenditures for "cross
walks, flagstones, return curbstones, and short corners," a pro-
portion of which has been assessed upon the petitioner, were
incurred for materials used in making a driveway for the peti-
tioner across the sidewalk, which was a part of the sidewalk,
and not for materials used in any work done upon the street as
distinguished from the sidewalk, or for curbstones which define
the edge of the sidewalk on the street.

The provisions of c. 9, § 3, of the ordinances of the city of
Worcester requiring the commissioner of highways to make or
cause to be made a full and particular estimate of the expense

of the proposed work, and of the damages to abutters, or others, and to make plans and report them with his estimate to the city council, we regard as directory. *Lowell* v. *Hadley*, 8 Met. 180.

The answer denies "that said assessment upon the petitioner is greater than his just and proportionate share of the expense of constructing said sidewalk." There is no evidence that the proportion is greater than is just, unless the expenses must be assessed according to the length of the sidewalk abutting on the adjoining estates, and there is no such absolute rule of law. The expense of paving the sidewalk adjoining one person's land may for many reasons be greater or less per linear foot than the expense of paving the sidewalk adjoining his neighbor's land.

It further appears by the answer, that the only filling and grading done was done for the purpose of making the grade of the sidewalk conform to that of the street as established by the county commissioners.

The principal question is whether the expenditures for earth, gravel, and planking, which were necessary in order to construct the sidewalk to the grade of the street, are expenditures a proportion of which can be assessed upon the petitioner. The city council accepted the St. of 1869, *c.* 390, and subsequently passed an ordinance, which is *c.* 41 of the ordinances of the city of Worcester; the second and third sections are as follows:

" Section 2. When any sidewalk shall have been laid out and established as aforesaid, the commissioner of highways, under the direction of the committee on highways and sidewalks, shall grade the same, set the curbstone, pave the gutters, and construct said sidewalk of such material as the city council shall deem expedient. It shall be the duty of said commissioner to keep an exact account of all expenses and outlays required or incurred by him in constructing each sidewalk abutting upon any estate, and report the same in writing within thirty days from the completion of the same, with the names of persons chargeable with the whole or any part of such expense, to the auditor, who shall at once report the same to the city council, and they shall forthwith proceed to assess upon the owners of the several estates abutting upon said sidewalks their just

and proportionate part of the expense of paving said walk. Said report shall contain in separate items the expense of paving the gutters, setting the curbstone, and paving the walk.

"Section 3. The expense of constructing or repairing any sidewalk laid out and established as aforesaid, or any sidewalk heretofore established in the city of Worcester, shall be assessed upon the abutters, but no part of the expense of grading the street, setting the curbstone, or paving the gutters shall be so assessed, but shall be paid for by the city."

The statute provided that the city council " may assess upon the abutters on such sidewalks the whole or any part of the expense of the same, that portion of the expense not so assessed being paid by said city." St. 1869, c. 390, § 1.

The ordinance is in the nature of a general rule adopted by the city council for making these assessments. The construction we give to this ordinance is, that only a proportionate part of the expense of paving the sidewalk can be assessed upon the owners of the several estates abutting upon it, and that this includes " no part of the expense of grading the street, setting the curbstones, or paving the gutters." Sidewalks are a part of the street, although the word " street " is sometimes used to denote that part of the street which is devoted to carriage travel.

The second section of the ordinance provides that the commissioner of highways under the direction of the committee on highways and sidewalks shall grade the sidewalk, set the curbstones, pave the gutters, and construct the sidewalk of such material as the city council shall deem expedient. When this is considered in connection with the subsequent provisions, we think it is manifest that the city council, in providing that no part of the expense of grading the street shall be assessed upon abutters, intended to provide that no part of the expense of grading the sidewalk as a part of the street shall be assessed upon abutters. By " curbstones and gutters " in the ordinance are meant the curbstones and gutters which lie between the sidewalk and the part of the street devoted to carriage travel. The remaining expenses of constructing the sidewalk, which would be the expense of paving it, are to be assessed upon the abutters, a just and proportionate part to be assessed upon each. A

violation of the ordinance of the city in making the assessment, if it be assumed, as has been assumed by both parties, that the ordinance is valid, is a violation of law in making the assessment. *Lowell* v. *Wheelock*, 11 Cush. 391.

The order directs the commissioner of highways to " construct the sidewalk with good hard-burnt paving brick, or other good material," and it has been argued that the order is not in compliance with the ordinance, which provides that he shall " construct said sidewalk of such material as the city council shall deem expedient." See *Lowell* v. *Wheelock, ubi supra.* But no such complaint appears in the petition, and we have not considered it.

It appears by the answer, that the assessment upon the petitioner was made up of eleven items, which constituted the expenses of constructing the sidewalk along the petitioner's land. This is a legal method of ascertaining the amount of the assessment, if all the items were properly included ; but the fifth, sixth, ninth, and tenth items should not have been included, as they relate to the grading of the sidewalk. These items amount to $71.22, and the assessment should therefore be reduced to $428.

Acting under the power conferred by the Pub. Sts. *c.* 186, § 9, a writ of certiorari should issue to bring the proceedings of the city council before the court sitting for the county, that a decree may be entered that the said assessment be the sum of $428, instead of $499.22, and that the proceedings of the city council as thus amended be affirmed.                *So ordered.*