THOMAS CARNEY *vs.* EDWARD O. PROCTOR.

Middlesex.　November 10, 19, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Way,* Want of railing. *Pleading, Civil,* Declaration.

A declaration in an action of tort alleged that the plaintiff was "a pedestrian . . . walking . . . on West Main Street in the town of Ayer, and when at or near that portion of the sidewalk opposite the defendant's premises, and of which said premises was an abutter on the highway, that the said plaintiff fell owing to the negligence of the defendant . . . who constructed a sidewalk in front of said premises in such a negligent manner in that the said sidewalk had steep projecting banks or sides that formed a hole or declivity, constituting a defect

and making said sidewalk unsafe and dangerous and of such an unusual character that a rail or barrier should have been put up to make the use of said sidewalk reasonably safe for the purpose of travel . . . the defendant had control over said portion of the sidewalk and it was his duty to make the same reasonably safe for the purpose of public travel. Notice of the time, place and cause of said accident was given by the plaintiff to the defendant." The defendant demurred. The demurrer was sustained, judgment was entered for the defendant, and the plaintiff appealed. *Held*, that

(1) No statement in the declaration disclosed whether the sidewalk was a public or a private way;

(2) If it be assumed that the sidewalk was a private way, there was no allegation showing that the plaintiff was rightfully using it;

(3) If it be assumed, from the use of the word "highway," that the sidewalk was a public way, the obligation to remedy defects and to supply a railing was not the defendant's;

(4) Even though the defendant negligently constructed the sidewalk originally and it then was taken over by the town and the defects thereafter remained, the defendant would not be liable for its continued maintenance in a defective state;

(5) The plaintiff, under any reasonable interpretation of the declaration, failed to allege the breach of any legal duty owed to him by the defendant; and the demurrer was sustained rightly.

TORT. Writ dated November 28, 1919.

The allegations of the declaration, as amended, were that on October 5, 1919, the plaintiff "was a pedestrian . . . walking in a westerly direction on West Main Street in the town of Ayer, and when at or near that portion of the sidewalk opposite the defendant's premises, and of which said premises was an abutter on the highway, that the said plaintiff fell owing to the negligence of the defendant, his agents or servants who constructed a sidewalk in front of said premises in such a negligent manner in that the said sidewalk had steep projecting banks or sides that formed a hole or declivity, constituting a defect and making said sidewalk unsafe and dangerous and of such an unusual character that a rail or barrier should have been put up to make the use of said sidewalk reasonably safe for the purpose of travel; that owing to the said negligence of said defendant the plaintiff was caused to fall by virtue of the defective condition of said sidewalk, and sustained serious injury and was put to great expense for medical attendance and nursing. . . . And the plaintiff says the defendant had control over said portion of the sidewalk and it was his duty to make the same reasonably safe for the purpose of public travel. Notice of the time, place and cause of said accident was given by the plaintiff to the defendant."

The defendant demurred. The demurrer was heard by *Hammond*, J., and was sustained and judgment was entered for the defendant. The plaintiff appealed.

*W. J. Patron*, for the plaintiff, submitted a brief.

*J. M. Maloney*, for the defendant.

DE COURCY, J. The declaration alleges in substance that the plaintiff was injured while walking on a sidewalk in front of the defendant's premises; that the walk was constructed by the defendant in a negligent manner, "in that the said sidewalk had steep projecting banks or sides that formed a hole or declivity, constituting a defect and making said sidewalk unsafe and dangerous and of such an unusual character that a rail or barrier should have been put up to make the use of said sidewalk reasonably safe for the purpose of travel." It further alleges that he fell and was injured by reason of said defective condition.

The allegations are so indefinite and obscure that it is not clear what breach of duty on the part of the defendant is relied upon. It is not stated whether the sidewalk was in a public or a private way. The assertion that the defendant "had control over" the portion of the sidewalk opposite his premises, at or near which the plaintiff fell, suggests a private way. But, apart from the plaintiff's disclaimer of this interpretation, if the accident had occurred on a private way the declaration would be defective in not alleging that the plaintiff was using the way rightfully, as upon an invitation from the defendant. We assume, then, that "West Main Street in the town of Ayer," referred to as a "highway," is a public way. Apparently the negligence relied on is the failure to put up a barrier in order to make the sidewalk, with its "steep projecting banks or sides," reasonably safe for travel. But the duty to maintain such railing would be on the town, not on the abutter. St. 1917, c. 344, Part IV, §§ 1, 24. *Thompson* v. *Boston*, 212 Mass. 211, and cases cited. It is not alleged that the defendant constructed the walk under the provisions of Part V, § 5 of said highway statute. See *Commonwealth* v. *Franklin*, 133 Mass. 569; *Appleton* v. *Nantucket*, 121 Mass. 161. The declaration states that the defendant "constructed" the sidewalk. If, as argued by the plaintiff, the defendant did construct the walk originally, and prior to the accident its control was taken over by the town, the defendant thereafter not only was not obliged, but

he had no right, to erect a railing or barrier in the public way. See *Lexington Board of Survey* v. *Suburban Land Co.* 235 Mass. 108, 111. The doctrine of a continuing nuisance has no application to the alleged facts. See *Howard* v. *Central Amusement Co.* 224 Mass. 344.

The practice act requires that a declaration "shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." R. L. c. 173, § 6. The plaintiff, under any reasonable interpretation of his declaration, has failed to allege the breach of any legal duty owed to him by the defendant. The demurrer was sustained rightly, and the judgment for the defendant must be affirmed.

*· So ordered.*