NATIONAL VINEGAR COMPANY *vs.* JOSEPH E. JAFFE.

Worcester.   September 26, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Construction. *Sale*, Construction of contract, Warranty. *Evidence*, Presumptions and burden of proof. *Food*.

Where, in defence to an action of contract tried in a district court for the price of vinegar alleged to have been sold by the plaintiff to the defendant, the defendant relies upon a violation by the plaintiff of G. L. c. 94, § 165, such violation cannot be presumed but must be proved by affirmative evidence; and where there was no evidence by any one who saw the barrels containing the vinegar nor the way in which they were marked, it cannot be said as a matter of law that the judge erred in finding that there was no violation of the statute.

Where, at the trial in a district court of an action of contract for the purchase price of vinegar which the plaintiff had shipped to the defendant upon an order for "40 gr. Pure Apple Cider Vinegar," the judge found upon evidence warranting the finding that the vinegar "contained 4 grams of acetic acid per 100 cubic centimeters, and complied with the standards of the department of agriculture as expressed in circular 136 as modified by F. I. D. 140," it was proper for the judge to overrule a contention of the defendant that the order was not met by the delivery of cider vinegar which had been diluted with water until the vinegar was forty grams acid strength and fulfilled the literal terms of the order; and a finding for the plaintiff was warranted.

CONTRACT for $845.84, the price of vinegar which the plaintiff alleged it had sold the defendant, and the defendant had refused to accept. Writ in the Central District Court of Worcester dated October 11, 1924.

Findings and rulings by the judge of the District Court are stated in the opinion. Upon report to the Appellate Division for the Western District, the judge's finding was reversed, as stated in the opinion. The plaintiff appealed.

*L. E. Stockwell,* for the plaintiff.

*L. Benjamin,* for the defendant, submitted a brief.

PIERCE, J. This is an action of contract to recover damages alleged to have been caused by the defendant's refusal to accept a carload of vinegar sold him by the plaintiff in October, 1923. There is no dispute between the parties that a carload of vinegar was ordered by the defendant from the plaintiff, that it was delivered by the plaintiff to the defendant in Worcester, Massachusetts, and that the defendant refused to accept the same after having had the vinegar analyzed by a reputable chemist in the city of Worcester. These facts were admitted by the defendant at the trial of the case; and it was also admitted that the plaintiff's damage on account of the defendant's refusal to take the vinegar was $845.84, the amount claimed in the plaintiff's declaration.

The defendant in the answer and at the trial set up that the vinegar was not labeled in accordance with G. L. c. 94, § 165. There was no evidence by any one who saw the barrels as to how they were marked, and consequently the judge found that the defendant had not shown that G. L. c. 94, § 165, had been violated. By way of further answer the defendant set up that the plaintiff "violated the standards as established by the bureau of chemistry of the United States department of agriculture with reference to pure apple cider vinegar," and therefore could not recover. It was agreed that the vinegar arrived in Worcester; that it was tested by an analyzing chemist and that that analysis shows acetic acid 4.22 grams in 100 cubic centimeters; total solids 0.95 grams in 100 cubic centimeters; and ash 0.22 grams in 100 cubic centimeters. The trial judge found that there was no violation of the Massachusetts statute in the labeling of this vinegar or in its requirements as to acid strength; that the vinegar complied with the standards set up by the department of agriculture as contained in circular

136 as modified by F.I.D. 140; that the plaintiff had not violated the standards of the department of agriculture as claimed by the defendant in his amended answer; and therefore found that the plaintiff was entitled to recover $845.84, with interest from the date of the writ, in all $911.11.

At the conclusion of the evidence the defendant made the following requests for rulings: "1. Upon all the evidence the plaintiff is not entitled to recover. 2. That the plaintiff violated the terms of the agreement with the defendant by shipping apple cider vinegar reduced to 40 grams when, as a matter of fact, the plaintiff ordered 40 grams pure apple cider vinegar. 3. That the plaintiff violated G. L. c. 94, § 165, in that they failed to correctly label said vinegar. 4. That the plaintiff violated the standards as established by the bureau of chemistry of the United States department of agriculture, especially with reference to circular 136, and therefore cannot recover. 5. The defendant further requests the court to rule that Food Inspection Decision 193 was not issued by the United States department of agriculture and was not in force at the time the plaintiff entered into this contract, therefore the plaintiff cannot recover." The judge denied requests one, two, three and four, and allowed request five. The case was reported to the Appellate Division for Western District at Worcester upon the question of the propriety of the denial of these requests. The Appellate Division decided "that, on the undisputed evidence in the case, there was prejudicial error in the refusal to give defendant's first request for ruling," and ordered that the ruling of the trial judge on defendant's first request for ruling be reversed and that judgment be entered for the defendant. The case is before this court on the appeal of the plaintiff from that ruling and order.

A violation of G. L. c. 94, § 165, is a misdemeanor which is punishable by fine. Illegality is not to be presumed; it must be proved by affirmative evidence by the one who relies upon it. *Timson* v. *Moulton*, 3 Cush. 269. *Hatch* v. *Bayley*, 12 Cush. 27. *Wilson* v. *Melvin*, 13 Gray, 73. *Trott* v. *Irish*, 1 Allen, 481. *Doherty* v. *Ayer*, 197 Mass. 241. The record discloses no evidence which would warrant the

judge in finding the defendant had sustained the burden of proof in this regard.

The food and drugs act, enacted on June 30, 1906, § 3; 34 U. S. Sts. at Large, 768, 769, gives "the Secretary of the Treasury, the Secretary of Agriculture and the Secretary of Commerce and Labor" authority to "make uniform rules and regulations for carrying out of the provisions of this act." Section 4 of the act gives the department of agriculture, through its bureau of chemistry, certain powers to make examinations of articles of food for the purpose of determining whether such articles are adulterated or misbranded under the act. Under section 3, *supra*, the Secretary of Agriculture has authority to establish the standards for purity of food, and these are reported in the Food Inspection Decisions (F.I.D.). *United States* v. *Frank*, 189 Fed. Rep. 195. *United States* v. *Ninety-Five Barrels, More or Less, Alleged Apple Cider Vinegar*, 265 U. S. 438, 442. The department of agriculture on February 27, 1912, issued "F.I.D. 140" concerning the "Labeling of Vinegars." In June, 1919, it issued circular 136 superseding circulars 13, 17 and 19 entitled "Standards of Purity for Food Products." The heading contained in circular 136 is as follows: "The following definitions and standards for food products have been adopted as a guide for the officials of this department in enforcing the Food and Drugs Acts. These definitions and standards include those published in the form of Food Inspection Decisions and those originally published in Circular 19 which have not been superseded by such decisions. D. F. Houston Secretary of Agriculture, Washington, D. C., May 14, 1919." Circular 136 and the Food Inspection Decision 140 are to be construed as supplementing each other where said Food Inspection Decision covers a field not covered by circular 136. *United States* v. *Ninety-Five Barrels, More or Less, Alleged Apple Cider Vinegar, supra.*

The plaintiff makes no contention that the vinegar shipped fulfilled the content standard prescribed for vinegar, cider vinegar or apple vinegar in circular 136, but contends that the vinegar sold under the order of the defendant was natural vinegar made from pure apple cider diluted with water, and

that the standard requirements for such product are found in Food Inspection Decision 140, which, so far as applicable to the case at bar, reads: "When natural vinegars made from cider, wine or the juice of other fruits are diluted with water, the label must plainly indicate this fact; as, for example, 'diluted to — per cent acid strength.'  When water is added to pomace in the process of manufacture, the fact that the product is diluted must be plainly shown on the label in a similar manner.  Dilution of vinegar naturally reduces, not only the acid strength, but the amount of other ingredients in proportion to the dilution, so that reduced vinegars will not comply with the analytical constants for undiluted products; but the relations existing between these various ingredients will remain the same.  Diluted vinegars must have an acid strength of at least four 4 grams acetic acid per 100 cubic centimeters."  It is the further contention of the plaintiff that the form of the order "40 gr. Pure Apple Cider Vinegar" has no significance except to mean pure cider vinegar "reduced to 40 grams by the addition of water"; and that the word "Pure" in the order means not adulterated by the addition of boiled cider and coloring matter.  The defendant on the other hand contends that the order calls for pure cider vinegar, and that such order is not met by the delivery of cider vinegar which has been diluted with water until the vinegar is 40 grams acid strength and fulfils the literal terms of the order.

The contentions presented a question of law to the presiding judge involving the construction of a written instrument.  *Smith* v. *Faulkner*, 12 Gray, 251, 256.  We think the contention of the plaintiff is right, and that the ruling of the Appellate Division is wrong in so far as it held in accord with the contention of the defendant that the vinegar, because it was diluted with water to some degree, was not the kind of vinegar called for by the order.  The findings of the judge that the vinegar in question was "properly labelled, in accordance with F.I.D. 140 as to its dilution"; that it "contained 4 grams of acetic acid per 100 cubic centimeters"; and the finding of fact "that the vinegar in question complied with the standards of the department of agriculture

as expressed in the standards of the department of agriculture as expressed in circular 136 as modified by F. I. D. 140," are fully supported by the evidence. It results that the order, "Ruling of the trial judge on defendant's first request for ruling reversed; judgment to be entered for defendant," is reversed, and judgment is to be entered for the plaintiff in the sum of $845.84, with interest from October 11, 1924, the date of its writ.

*So ordered.*