Margaret McCarthy vs. Ablin Shaheen.

Essex.    November 11, 1927.— June 9, 1928.

Present: Braley, Crosby, Carroll, Wait, & Sanderson, JJ.

*Negligence*, Of private person in maintenance of sidewalk.    *Way*, Public:
    defect.    *Municipal Corporations*.    *Sidewalk*.

By the provisions of a lease of premises adjoining a public way in a town,
    the lessee agreed "to keep the cement walk around said premises in
    good condition at all times."    With the approval of the selectmen and
    acting under G. L. c. 85, § 4, he had built the sidewalk.    It afterwards
    became defective, through the digging of a trench for the laying of a
    water pipe by a corporation, and the improper filling of the trench.    The
    corporation was paid for its work by the lessee.    One who was injured
    by reason of the defect brought an action against the lessee.    *Held*, that
        (1) The evidence warranted a finding that the defendant was in con-
    trol of the locality of the defect;
        (2) The defendant was not freed from liability because the muni-
    cipality, upon which by statute a duty has been placed to keep the way
    reasonably safe and convenient for travel at that point, might also be
    liable;
        (3) G. L. c. 85, § 4, does not relieve the person who has constructed
    a sidewalk under its provisions from liability for negligence in caring
    for it.

Tort for personal injuries.    Writ dated December 18, 1925.

In the Superior Court, the action was tried before *Gray*, J.
Material evidence and a request by the defendant for a ruling
are stated in the opinion.    At the close of the evidence, the
defendant moved that a verdict be ordered in his favor.    The
motion was denied.    There was a verdict for the plaintiff
in the sum of $400.    The defendant alleged exceptions.

*L. C. Doyle*, for the defendant.

No argument nor brief for the plaintiff.

Wait, J.    The plaintiff was injured by falling upon the
sidewalk of a public way in Salisbury.    She brought suit
against the defendant, the tenant of the land adjoining the
sidewalk, who by the terms of his lease had agreed "to keep
the cement walk around said premises in good condition at
all times, and free from sand and obstructions from April

15th to October 1st, of each year." The defendant with the approval of the selectmen and acting under G. L. c. 85, § 4 (which authorizes a person owning or occupying land adjoining a public way in a town to construct a sidewalk within the way and along the line of his land) had built the sidewalk in question. The sidewalk had become defective in consequence of the breaking and sinking of its cement surface, where a water pipe had been laid beneath it by a private corporation which supplied the people of Salisbury with water, whose servants had neglected properly to refill the tunnel trench. The defendant had paid the water company for laying the pipe. After the accident the water company repaired the defect. There was no evidence that the sidewalk was not properly constructed when first laid.

The defendant moved that a verdict be directed in his favor and requested that the jury be instructed that he was under no duty to repair or maintain the sidewalk, and that no duty rested on him to repair if the sidewalk were properly constructed when originally built, and if it were part of the public highway. The motion and the requests were denied. The judge instructed the jury that the defendant was not liable for negligence, if any, of the water company; but, having constructed the sidewalk under G. L. c. 85, § 4, was bound to maintain it in a reasonably safe condition. The case is before us after verdict for the plaintiff upon the defendant's exceptions to the denial of the motion and the requests. No exception is claimed to the charge.

The exceptions must be overruled. There was evidence from which the jury could find that the defendant was in control of the locality of the defect; and, where that is the fact, he is not freed from liability because a municipality upon which by statute a duty has been placed to keep the way reasonably safe and convenient for travel at that point may also be liable. *Taylor* v. *Boston Water Power Co.* 12 Gray, 415, 419. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335. *Lowell* v. *Glidden,* 159 Mass. 317, 319.

G. L. c. 85, § 4 does not relieve the person who has constructed a sidewalk thereunder from liability for negligence in caring for it. Nothing to the contrary appears in the de-

cisions which have referred to the statute, *Macomber* v. *Taunton*, 100 Mass. 255, 257; *Appleton* v. *Nantucket*, 121 Mass. 161, 163; *Commonwealth* v. *Franklin*, 133 Mass. 569; and *Carney* v. *Proctor*, 237 Mass. 203, 205.

*Exceptions overruled.*