No. 2876      Northern      Suffolk, ss.

GOLDBERG                        (William Aronoff)

v. EASTERN HOUSING CO.

               (Badger, Pratt, Doyle and Badger)

From the Municipal Court of the Roxbury District—Delay, J.

Argued May 12, 1941—Opinion Filed June 2, 1941

PETTINGELL, A.P.J. (Sullivan, & Wilson, JJ.)—Action of tort for personal injuries.

There was evidence that the plaintiff, while walking "on the public sidewalk which is also the driveway in front of number 34 Howland St.," caught his foot in a hole in the sidewalk, fell, and was injured. A photograph of the locus, introduced in evidence, shows a street in a thickly settled residential district, with cement sidewalks, having curbstones, and, in the foreground, a cement driveway crossing the sidewalk; the surface of the driveway as it crosses the sidewalk, as shown by a second photograph, being cracked and broken, with some of the cement slabs of the driveway sunken below the level of the adjoining slabs. Snow and ice appears in the photographs, on the driveway, on parts of the sidewalk and at other places. The defendant requested the following rulings:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The plaintiff is not entitled to recover as a matter of law.

The trial judge denied the defendant's requests, and made the following finding of fact:

"I find that the plaintiff was injured as a result of the negligence of the defendant in not keeping the driveway controlled by it reasonably safe for the plaintiff who was rightfully passing over it at the time of the injury. I find that the hole in the driveway contained snow and ice which had accumulated unnaturally due to the hole which had been there at least for some months before this injury."

There was a finding for the plaintiff.

The only issue in the case is whether the hole which caused

the plaintiff's injury was anything for which the defendant was responsible. An abutter is not ordinarily responsible for defects in a public sidewalk adjoining his premises, the entire responsibility being upon the municipality. *Kirby* v. *Boylston Market Assn.* 14 Gray 249. *Carney* v. *Proctor,* 237 Mass. 203. *Cunningham* v. *T. A. Gillespie Co.* 241 Mass. 280.

The plaintiff relies largely upon the case of *McCarthy* v. *Shaheen,* 264 Mass. 90, in which an abutter was held liable for injury caused by a defect in the adjoining sidewalk. In that case the defendant, a lessee, had built the sidewalk in question "with the approval of the selectmen and acting under G. L. c. 85, s. 4, "and, by the terms of his lease, had agreed to keep the cement walk around said premises in good condition at all times." The court said, at page 92, "G. L. c. 85, s. 4, does not relieve the person who has constructed a sidewalk thereunder from liability for negligence in caring for it."

In the case at bar there was no evidence that the defendant had constructed that part of the driveway which crosses the sidewalk, *Carney* v. *Proctor,* 237 Mass. 203, nor that by covenant or otherwise he had obligated himself to maintain that part of the driveway in good condition. Each of these relations to the sidewalk, its construction by the defendant and his duty to maintain it, were present in *McCarthy* v. *Shaheen, supra.* There was no evidence that the defendant in this case had ever exercised any control over the sidewalk or that it was in any way responsible for the presence of the hole which caused the plaintiff's fall or for the defective condition which existed at that time.

The evidence upon which the plaintiff relies to establish control by the defendant of this part of the sidewalk is the defendant's answer to an interrogatory. The interrogatory was, "Was the defendant corporation in charge of or in control of the driveway leading from Howland Street to the garage maintained on a portion of the lot on which the premises numbered 34 Howland St., Roxbury Mass., were located on Jan. 1, 1940?"

The defendant's answer to this interrogatory was, "Subject to the rights of tenants and others it was."

The plaintiff's contention is that this is an admission of control by the defendant of that part of the sidewalk which is crossed by the driveway.

In the first place, there is nothing in the interrogatory which directly refers to the part of the sidewalk which was defective. It asks the defendant about the control of a driveway which it identifies as the driveway leading from Howland Street. It is not an interrogatory as to the control of a specified part of the driveway, but as to the control of the entire driveway, without designating its bounds or limits. The plaintiff having asked a general question now attempts to read into it, and into the answer, a specific locality which was not the subject either of the question or the answer.

In the next place, there is no warrant, in law or in fact, in excluding the sidewalk from the definition of Howland Street as used in the interrogatory. Such an exclusion is a special definition of what ·constitutes Howland Street, which the plaintiff has adopted for his own benefit without any basis of authority.

The plaintiff, in his declaration, describes the "defective condition," which caused his fall and injury, as being in the "public sidewalk" at or near 34 Howland Street, a public highway. The plaintiff is bound by the statements in his declaration. G. L. (Ter. Ed.) c. 231, s. 87. The photographs used as exhibits show a completely built city street with road-way, curbings and sidewalks, the Howland Street, described in the declaration. Absolutely no authority exists for splitting such a public highway into independent, isolated, component parts of sidewalks and roadway. Such terms ordinarily denote the subdivisions of a way or street, the whole being the street. See *Dickenson* v. *Worcester*, 138 Mass. 555; *Hamlin* v. *Pairpoint Mfg. Co.* 141 Mass. 51.

The issue being the meaning of the words used in the interrogatory, "the driveway leading from Howland Street to the garage," a question of law was presented. *Royal Paper Box Co.* v. *E. R. Apt Shoe Co.* 290 Mass. 207, *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31. If the trial judge interpreted the words used as locating the end of the driveway at the gutter side of the sidewalk of Howland Street as matter of law, there was prejudicial error. If he found as fact that the driveway extended to the gutter, there was prejudicial error in the denial of the two rulings requested by the defendant, because there was no evidence before the court which warranted such a finding of fact. Neither was there any evidence that the defendant had control of that part of the driveway which is within the limits of the sidewalk. In our opinion, in the absence of such evidence, there was prejudicial error in the denial of both rulings requested by the defendant.

As the granting of the rulings requested would have required a finding for the defendant, the finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.