Pettingell, A. P. J,
Action of tort for personal injuries. The plaintiff’s declaration is in two counts. Count one alleges that the plaintiff, “lawfully walking on the public sidewalk at or near number 34 Howland Street, a public highway”, fell and was.injured “by reason of an unnatural accumulation of snow and ice resulting from a defect or want of repair in a portion of the driveway which is adjacent to and is a part of the premises numbered 34 *210 on said Howland Street”. The second count contains the same description of the locus of the accident and describes the same unnatural accumulation of snow and ice “resulting from a defect or want of repair in a portion of the driveway” which, it alleges, constituted “a nuisance maintained by 'the. defendant, its agents, servants and employees. ’ ’
The defendant’s answer is a general denial and the contributory negligence of the plaintiff.
There was evidence that the plaintiff, while walking “on the public sidewalk which is also the driveway in front of number 34 Howland Street” caught his foot in a hole in the sidewalk, fell and was injured. A photograph of the locus, introduced in evidence, shows a street in a thickly settled residential district, with cement sidewalks, having curbstones, and, in the foreground, a cement driveway crossing the sidewalk, the surface of the driveway as it crosses, the sidewalk, as shown by a second photograph, being cracked and broken, with some of the cement slabs of the driveway sunken below the level of the adjoining slabs. Snow and ice appears in the photographs, on the driveway, on parts of the sidewalk and at other places.
The defendnt requested the following rulings:
1. The evidence does not warrant a finding that the defendant was negligent.
. 2. The plaintiff is not entitled to recover as a matter of law.
The trial judge denied the defendant’s; requests, and made the following finding of fact.
“I find that the plaintiff was injured as a result of the negligence of the defendant in not keeping the *211 driveway controlled by it reasonably safe for the plaintiff: who was rightfully passing over it at the time of the injury. I find that the hole in the driveway contained snow and ice which had accumulated unnaturally due to the hole which had been there at least for some months before this injury.”
There was a finding for the plaintiff. The report states that it contains all the evidence material to the questions reported.
The only issue in the case is whether the hole which caused the plaintiff’s injury was anything for which the defendant was responsible. An abutter is not ordinarily responsible for defects in a public sidewalk adjoining his premises, the entire responsibility being upon the municipality. Kirby v. Boylston Market Assn., 14 Gray 249, at 252. Carney v. Proctor, 237 Mass. 203, at 205, 206. Cunningham v. T. A. Gillespie Co., 241 Mass. 280, at 282, 283
The plaintiff relies largely upon the case of McCarthy v. Shaheen, 264 Mass. 90, in which an abutter was held liable for injury caused by a defect in the adjoining sidewalk. The court said, at page 92.
“The exceptions must be overruled. There was evidence from which the jury could find that the defendant was in control of the locality of the defect; and, where that is the fact he is not freed from liability because a municipality upon which by statute a duty has been placed to keep the way reasonably safe and convenient for travel at that point may also be liable. ’ ’
In that case the defendant, a lessee, had built the sidewalk in question “with the approval of the selectmen and acting under G. L. C. 85, Section 4,” and, by the terms of his lease, had agreed to keep “the cement walk around said premises in good condition at all times.” The court said, at page 92,
*212 “G. L. C. 85, section 4 does not relieve the person who has constructed a sidewalk thereunder from liability for negligence in caring for it.”
In the case at bar there was no evidence that the defendant had constructed that part of the driveway which crosses the sidewalk, Carney v. Proctor, 237 Mass. 203, at 205; nor that by covenant or otherwise he had obligated himself to maintain that part of the driveway in good condition. Each of these relations to the sidewalk, its construction by the defendant and his duty to maintain it, were present in McCarthy v. Shaheen, 264 Mass. 90. There was no evidence that the defendant in this case had ever exercised any control over the sidewalk or that it was in any way responsible for the presence of the hole which caused the plaintiff’s fall or for the defective condition which existed at that time.
The evidence upon which the plaintiff relies to establish control by the defendant of this part of the sidewalk, is the defendant’s answer to an interrogatory. The interrogatory was,
“Was the defendant corporation in charge of or in control of the driveway leading from Howland Street to the garage, maintained on a portion of the lot on which the premises numbered 34 Howland Street, Roxbury, Massachusetts, were located on January 1st, 1940.”
The defendant’s answer to this interrogatory was,
“Subject to the rights of tenants and others it was.”
The plaintiff’s contention is that this is an admission of control by the defendant of that part of the sidewalk which is crossed by the driveway, on the theory that Howland Street is that part of the public way which is between the *213 two sidewalks, that is, the space from curbing to curbing, excluding the sidewalks. It is apparent that if the plaintiff is wrong on this contention, and Howland Street is the space from one property line to the property line on the other side of the street, the defendant’s answer to the interrogatory admits control of that part only of the driveway which is inside the property line and wholly outside of Howland Street.
In the first place, there is nothing in the interrogatory which directly refers to the part of the sidewalk which was defective. It asks the defendant about the control of a driveway which it identifies as the driveway leading from Howland Street. It is not an interrogatory as to the control of a specified part of the driveway, but as to the control of the entire driveway, without designating its bounds or limits. The. plaintiff having asked a general question now attempts to read into it, and into the answer, a specific locality which was not the subject either of the question or the answer.
In the next place, there is no warrant, in law or in fact, in excluding the sidewalk from the definition of Howland Street as used in the interrogatory. .Such an exclusion is a special definition of what constitutes Howland Street, which the plaintiff has adopted for his own benefit without any basis of authority.
“We have cited a sufficient number of instances to show that the word ‘street’ is commonly used in the statutes to designate a public way, — either a highway or town way, or a way which has become public by dedication or prescription.” Commonwealth v. Boston, Barre, &c. Railroad, 135 Mass. 550, at 551. Siegemund v. Building Commissioner of Boston, 259 Mass. 329, at 333, 334.
*214 The plaintiff, in his declaration, describes the “defective condition,” which caused his fall and injury, as being in the “public sidewalk” at or near 34 Howland Street, a “public highway”. The plaintiff is bound by the statements in his declaration. G. L. (Ter. Ed.) C. 231, Section 87. The photographs used as exhibits show a completely built city street with roadway, curbings and sidewalks, the Howland Street, described in the declaration. Absolutely no authority exists for splitting such a public highway into independent, isolated, component parts of sidewalks and roadway. Such terms ordinarily denote the subdivisions of a way or street, the whole being the street.
“SideAvalks are a part of the street, although the word street is sometimes used to denote that part of the street Avhich is devoted to carriage travel.” Dickinson v. Worcester, 138 Mass. 555, at 562.
“Ordinarily if a boundary runs to or by the line of an object, such as a house or a lot of land, the exterior limit of the object is intended. So, in common language, if one speaks of the line or lines of a street, the exterior limits would be understood and intended.” Hamlin v. Fairport Mfg, Co., 141 Mass. 51, at 56.
The issue being the meaning of the words used in the interrogatory, “the driveway leading from Howland Street to the garage”, a question of law was presented. Smith v. Faulkner, 12 Gray 251, at 256. National Vinegar Co. v. Jaffe, 261 Mass. 86, at 90. Royal Paper Box Co. v. E. R. Apt Shoe Co., 290 Mass. 207, at 209. Ingalls v. Hastings & Sons Publishing Co., 304 Mass. 31, at 33. If the trial judge interpreted the Avords used as locating the end of the driveway at the gutter side of the sidewalk of Howland Street as matter of law, there was prejudicial error. If he found as fact that the driveway extended to the gutter, *215 there was prejudicial error in the denial of the two rulings requested by the defendant, because there was no evidence before the court which warranted such a finding of fact. Neither was there any evidence that the defendant had control of that part of the driveway which is within the limits of the sidewalk. In our opinion, in the absence of such evidence, there was prejudicial error in the denial of both rulings requested by the defendant.
As the granting of the rulings requested would have required a finding for the defendant, the finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.