LIZZIE EDWARDS *vs.* ORRIN SLATE.

Hampden.    September 23, 1903. — October 22, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract,* Performance and breach.

One who, in consideration of the agreement of a woman to serve him as house-
keeper during his life, agrees that if she does so he will leave her $500 by his
will, and thereafter wrongfully discharges her, depriving her of her board and
lodging as housekeeper and the right to earn her legacy, commits a breach of
his contract, which gives a present right of action to the person discharged.

CONTRACT, for alleged breach of an agreement in writing.
Writ dated September 5, 1902.

At the trial in the Superior Court before *Gaskill,* J., it ap-
peared that the contract sued upon was as follows:

" Memorandum of agreement made this seventh day of Decem-
ber, in the year one thousand nine hundred and one, by and be-
tween Orrin Slate, of Belchertown, in the County of Hampshire,
and Lizzie Edwards, of Springfield, in the County of Hampden,
both in the Commonwealth of Massachusetts.    The said Lizzie
Edwards agrees to become housekeeper for said Slate, for a term
commencing at the date hereof, and to continue during the nat-
ural life of said Slate, and as such housekeeper, to render him
faithful and efficient services in that capacity during said term.
And in consideration thereof, the said Orrin Slate agrees that if
the said Lizzie Edwards shall so remain with him, as aforesaid,
during his natural life, under the terms of this contract, he will
by his last will and testament, leave to her the sum of five hun-
dred dollars, to be paid from his estate, by his executor named
in said will, or such person as may administer his said estate.
Witness our hands and seals, the day and year first above writ-
ten.    Orrin Slate, [Seal.]    Mrs. H. E. Edwards, [Seal.] "

In November, 1901, the plaintiff was hired by the defendant
to work for him as housekeeper upon the verbal agreement that
she should remain in his employ during his life, and should
receive from the defendant as wages the sum of $2 per week,
and the further sum of $500 at his death.    After the plaintiff

had begun to work for the defendant under this verbal agreement, she requested the defendant to deposit the sum of $500 in a savings bank for her, but the defendant refused to do so, and procured an attorney to draw the contract declared on, which was signed in duplicate by both the plaintiff and the defendant, and one copy was held by each.

The plaintiff remained in the employ of the defendant until about the last of August, 1902, when she testified that the defendant ordered her to leave and discharged her. The defendant denied that he discharged the plaintiff, and contended that she left his employment voluntarily, and that there was cause for a discharge.

Before the execution of the contract declared on, the plaintiff received, at various intervals, sums of money in payment of the weekly wages of $2, due to her under the verbal agreement, and received similar payments on the same account after the making of the written contract. The sums so received by her were sufficient to pay her at that rate for all the time during which she actually worked for the defendant. There was no evidence that the defendant had not provided for leaving $500 to the plaintiff in his will.

The defendant contended, among other things, that the action was prematurely brought.

The judge submitted to the jury the following question, as the only disputed question of fact: " Did the defendant unjustifiably discharge the plaintiff?" The jury answered " Yes." The judge thereupon directed the jury to return a verdict for the defendant, and reported the case for determination by this court. If the plaintiff was entitled to recover upon the finding of the jury, the verdict was to be set aside and judgment entered for the plaintiff for the sum of $325, damages, agreed upon by the parties, and interest from the date of the writ; otherwise, the verdict was to stand.

*J. B. Carroll & W. H. McClintock*, for the plaintiff.

*C. L. Gardner, C. G. Gardner & E. S. Gardner*, for the defendant.

HAMMOND, J. The defendant contends that the only obligation imposed upon him by this contract was to leave to the plaintiff by his last will a legacy of $500, and that an action

for breach of that obligation cannot be maintained during his lifetime.

But this is a very incomplete view of the defendant's duties under the contract. At the time of its execution the plaintiff was and for some months prior thereto had been in the employ of the defendant as his housekeeper, at a salary of $2 a week. Under the circumstances disclosed in this case the term "house-keeper" implies that she received also her lodging and her board, and the fair construction of the contract is that, in this respect at least, there was to be no change. It was implied upon the part of the defendant that the plaintiff should be permitted to work in his house and have her board and lodging free of expense to her so long as there was no default on her part. The jury have found that she was unjustifiably discharged. This was a breach of the contract on the part of the defendant. It deprived the plaintiff of her board and lodging, and of her right to earn her legacy.

The declaration shows that the present action was not brought for breach of the promise to leave the legacy, but for unjustifiably discharging the plaintiff and thus depriving her of her rights under the contract. For this breach of the implied duties imposed upon the defendant, duties to be performed in his lifetime but which he unjustifiably refuses to perform, an action will lie during his life. It is a simple case of a breach of contract, and the general rule applies that the action may be brought as soon as the breach occurs. See *Parker* v. *Russell*, 133 Mass. 74; *Paige* v. *Barrett*, 151 Mass. 67.

The defendant relies upon *Daniels* v. *Newton*, 114 Mass. 530, and also upon cases like *Patterson* v. *Patterson*, 13 Johns. 379, where actions have been brought during the lifetime of the promisor upon an alleged breach of an agreement to make a bequest; but the principle upon which those cases were decided has no application to a case like this.

The action was not prematurely brought and, there being no question raised as to the rule of damages, it follows that by the terms of the report the verdict should be set aside and judgment entered for the plaintiff for the sum of $325 damages, with interest from the date of the writ; and it is

*So ordered.*