EDWARD THOMPSON COMPANY *vs.* C. EVERETT WASHBURN.

Suffolk. December 13, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, & SHELDON, JJ.

*Contract,* Construction.

A publisher sued a subscriber for an unpaid balance alleged to be due under the following order addressed to the plaintiff and signed by the defendant: "Send to me, carriage paid, Volumes 11 to 31 inclusive, of the First Edition of the American and English Encyclopædia of Law, which you are to loan to me during the publication of the Second Edition, and for the use of which I hereby

agree to pay you $21. I hereby subscribe for the Second Edition of the American and English Encyclopædia of Law, to be completed in not to exceed thirty-two (32) volumes, including indexes, and agree to pay you therefor $7.50 per volume upon delivery. Volumes loaned become subscribers as soon as 2nd Edition has been paid for." On the back of the contract there was indorsed in writing "$6 after delivery and $5 every following 30 days until all deliveries are paid." When the action was brought the last four volumes of the second edition had not been published and the five previous volumes although published had not been delivered to the defendant who had failed to pay for some of the volumes delivered to him. The balance sued for was due according to the terms of the memorandum in regard to payments indorsed on the back of the contract, but the defendant contended that the contract was an entire one and that nothing was due until all of the second edition had been delivered to him. *Held,* that the contract was not an entire one, and that by its true construction the defendant was bound to pay $21 for the use of volumes 11 to 31 inclusive of the first edition and $7.50 for each volume of the second edition delivered.

CONTRACT, originally on an account annexed for goods sold and delivered, with a second count added later by amendment on a contract in writing, referring to the account annexed to the first count as a bill of particulars. Writ in the Municipal Court of the City of Boston dated September 26, 1904.

The contract declared on was as follows:

" To Edward Thompson Company (a Corporation organized under the Laws of New York).
" Northport, Long Island, N. Y.

" Boston, Mass., Nov. 27, 1900.

" Send to me, carriage paid, Volumes 11 to 31 inclusive, of the First edition of the American and English Encyclopædia of Law, which you are to loan to me during the publication of the Second Edition, and for the use of which I hereby agree to pay you $21.00. I hereby subscribe for the Second Edition of the American and English Encyclopædia of Law, to be completed in not to exceed thirty-two (32) volumes, including indexes, and agree to pay you therefor $7.50 per volume upon delivery. Volumes loaned become subscribers as soon as 2nd Edition has been paid for.

" In case of my failure to keep this agreement I agree to return to you, upon demand, the books loaned to me and all volumes of the Second Edition which I have received and not paid for. See back of contract.

Duplicate.

Agent, Ray C. Johnson.

"No representations or guarantees have been made by the salesman on behalf of Edward Thompson Company which are not herein expressed.

"The subscriber hereby acknowledges the receipt of a duplicate of this contract. This order is subject to the approval of Edward Thompson Company.

"Deliver 189
Reference
Reference
Agent's No.

Signed C. E. Washburn,
Address to 1 Beacon St. Room 82
Publisher's No.        "

(Indorsed in writing on back as follows:)

"First Delivery.

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  | 16 Vols. | 2nd Edition, | 7.50 | . | . | 120.00 |
| last | 21 " | 1st " | 1.00 | . | . | 21.00 |
|  | 37 " | for |  |  |  | 141.00 |

"Payments

6.00 after delivery and 5.00 every following 30 days untill all deliverys are paid."

The claim was for the price of twenty-three volumes of the second edition of the American and English Encyclopædia of Law at $7.50 per volume and for $21 for the loan of twenty-one volumes of the first edition of that publication. Credit was given for payments made on account by the defendant amounting to $136, and a balance of $57.50 was alleged to be due.

On appeal to the Superior Court the case was tried before *Fox*, J., without a jury. It appeared that the last payment made by the defendant was made on October 10, 1903; that the plaintiff delivered at first twenty-one volumes of the first edition, and sixteen volumes of the second edition, and afterwards from time to time delivered volumes 17 to 23 inclusive of the second edition. Volumes 24 to 28 inclusive although published never were delivered. The remaining volumes necessary to complete the set of thirty-two volumes were not published when the action was brought.

The defendant asked the judge to rule:

"1. That the contract was an entire contract.

"2. That the exclusive remedy in such a case is an action for breach of contract.

" 3. That upon all the evidence the plaintiff is not entitled to recover."

The judge refused to rule as requested and found for the plaintiff in the sum of $58.82, which was the full amount claimed by the plaintiff.   The defendant alleged exceptions.

In support of his exceptions the defendant contended that the contract was an entire one for the delivery of the second edition of the encyclopædia to be completed in not less than thirty-two volumes for which on the delivery of the whole he was to pay at the rate of $7.50 per volume ; that he did not agree to pay for any part of the second edition less than the whole, and that the payments made by him really were made in advance in anticipation of the delivery of the whole work.

*C. E. Washburn, pro se,* submitted a brief.

*A. C. Webber,* for the plaintiff.

MORTON, J.   This case turns upon the construction of the contract between the plaintiff and the defendant.   We are of opinion that the contract bound the defendant to pay $21 for the use of volumes 11 to 31 inclusive of the first edition and $7.50 per volume of the second edition and that the contract was not an entire contract.   The balance sued for was due even if the memorandum on the back in regard to payments be considered as constituting a part of the contract.   The rulings requested were rightly refused, and we discover no error in the manner in which the judge dealt with the case.

*Exceptions overruled.*