SOLOMON BINES *vs*. GABE ROSEN.

Suffolk.  March 8, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Broker*, Commission.

At the trial of an action of contract by a real estate broker to recover a commission, there was evidence that the defendant employed the plaintiff to procure a customer for property which the defendant and a partner had contracted to purchase; that the plaintiff procured a customer who orally agreed with the defendant upon the terms of an exchange of their respective properties and agreed to meet the next day to sign an agreement in writing; that at the meeting next day the defendant said he could not sign an agreement because he did not want the people from whom he was buying to know how much profit he was making, but that "the property is yours [the customer's], and nobody can

have it at any price. Just as soon as I will take title, I will give you title, and we will exchange deeds for the property"; and that later the defendant informed the plaintiff that his partner had taken title and sold the property without his knowledge. The judge denied a motion by the defendant that a verdict be ordered in his favor. *Held*, that

(1) Findings were warranted that the oral agreement fully expressed the terms of the contract and that the proposed agreement in writing was intended by the parties to be only a memorial or record of their final acceptance of it;

(2) knowledge on the customer's part that the exchange could not be had until the defendant had acquired title would not affect the right of the plaintiff to a commission when the defendant acquired title, nor give the defendant the right to discharge the plaintiff through a sale after he had acquired title;

(3) The defendant's motion properly was denied.

CONTRACT by a real estate broker to recover a commission. Writ dated April 12, 1924.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor, and there was a verdict for the plaintiff in the sum of $7,355.08. The defendant alleged exceptions.

*J. J. Kaplan*, (*H. Goldkrand* with him,) for the defendant.
*John Jackson Walsh*, for the plaintiff.

PIERCE, J. This is an action of contract, tried to a jury in the Superior Court, to recover a brokerage commission for procuring at the request of the defendants a customer ready, willing and able to purchase a certain parcel of real estate upon the defendants' terms. In the course of the trial the action was discontinued against the defendant Tobey by the plaintiff. At the close of the evidence the defendant Rosen presented a motion for a directed verdict in his favor, and, in answer to a question by the presiding judge, stated that the ground of the motion was that "there is no evidence of the ability of this man to carry through this deal or of his . . . ability or willingness or readiness" to go through with it. The motion was denied and the case is before this court solely on the exception taken to the denial of the motion.

The evidence most favorable to the contentions of the plaintiff warranted the jury in finding the following facts:

The plaintiff, a real estate broker, was employed by the defendant Rosen, a real estate operator, to procure a customer for six buildings on Hyde Park Avenue in Boston, which Rosen and his partner, Chesley, had contracted to purchase. The plaintiff at the time of his employment asked Rosen if he would be interested in a trade for two buildings numbered 65 and 69 Audubon Road, to which Rosen replied "he would be very much pleased if he (Mr. Bines) could effect a trade between 65 and 69 Audubon Road and the Hyde Park Avenue property." Thereupon the plaintiff brought about a meeting between one Goldberg, the owner of the property on Audubon Road, and Rosen, and they orally agreed upon the terms of an exchange of the two estates, namely, that Rosen convey his estate to Goldberg at a valuation of $330,000 subject to a mortgage of $220,000, that is, an equity of $110,000, and accept in exchange the Audubon Road estate at a valuation of $210,000 subject to a mortgage of $153,000, that is, an equity of $57,000, and a second mortgage upon the defendant's Hyde Park estate for the balance of $53,000. Goldberg suggested that a written agreement be made and Rosen suggested that he, Goldberg and Bines meet at the office of Chesley the next day. At that meeting Rosen told Goldberg he could not sign any agreement that day "because . . . he was of the opinion that if the people found out he was making so much profit on those buildings, they might not deliver the property to him . . . the property is yours, and nobody can have it at any price. Just as soon as I will take title, I will give you title, and we will exchange deeds for the property." Rosen had told the plaintiff that he was to take title to the property on April 1 and subsequently give title to Goldberg. On that day he told the plaintiff that the time for his taking title had been extended until April 15, but later informed the plaintiff that Chesley had in fact then taken title and had sold the estate without the defendant's knowledge.

Upon the testimony of the plaintiff the jury would be warranted in finding, but were not required to find, that the oral agreement expressed fully the terms of the contract, and that the proposed written agreement was intended by the

parties to be but a memorial or record of their final acceptance of it. *Doten* v. *Chase,* 237 Mass. 218. *Pagum* v. *White,* 259 Mass. 437. Assuming the jury should find the oral agreement was a final expression of the agreement, and further assuming that Goldberg knew that the exchange of properties could not be had until Rosen had acquired title to the Hyde Park Avenue property, that knowledge would not affect the right of the plaintiff to a commission when Rosen acquired title or give the defendant the right to discharge the plaintiff through a sale after he had acquired title, within the principle of *Bemister* v. *Hedtler,* 249 Mass. 40, *Belisle* v. *Barry,* 253 Mass. 475, *Elliott* v. *Kazajian,* 255 Mass. 459, 462.

The case was submitted to the jury rightly.

*Exceptions overruled.*