ROYAL PAPER BOX COMPANY *vs.* E. R. APT SHOE COMPANY.

Suffolk.   January 14, 15, 1935. — March 25, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Contract,* What constitutes, Construction.   *Sale,* Construction of contract of sale.

At the hearing of an action for breach of an alleged contract whereby the defendant was to purchase from the plaintiff eight thousand cases of paper boxes, a finding, that the only contract between the parties was that evidenced by a purchase order in writing by the defendant and an acceptance thereof by the plaintiff, in which order the quantity was described as "Blanket Order" and there appeared the statements, "Requirements for Balance of year," "Approximate estimate" eight thousand cases, and "to be called in as needed," was warranted on evidence for the plaintiff that before the order was given the defendant assured the plaintiff that he was getting a contract for approximately eight thousand cases in any event; and evidence for the defendant that he explained to the plaintiff that he never gave an outright order, and that the plaintiff said he "merely wanted the order to insure the fact he would get the business by the end of the year whatever it amounted to."

There being further evidence at the hearing above described that at the time when the order was given eight thousand was the estimated number of cases likely to be needed by the defendant, a finding, that the plaintiff was told that he was getting an order for eight thousand cases "anyway," was not inconsistent with the finding that the only contract between the parties was the one evidenced by the order in writing and the plaintiff's acceptance thereof.

The order in writing above described and the plaintiff's acceptance thereof were adequate and sufficiently definite to evidence a complete and enforceable contract on the terms set forth in the order.

Such contract, construed in the light of the circumstances in which it was made, meant that the defendant should be required to purchase of the plaintiff only so many boxes as the defendant should need during the remainder of the year, and did not require the defendant to purchase eight thousand cases if he did not need that many.

CONTRACT. Writ dated February 10, 1930.

The action was heard in the Superior Court by *Weed*, J., without a jury. Material evidence and findings by the judge are stated in the opinion. He found for the defendant. The plaintiff alleged exceptions.

*L. R. Eyges*, for the plaintiff.

*Lee M. Friedman*, (*F. L. Kozol* with him,) for the defendant.

QUA, J. The plaintiff claims damages for the alleged breach by the defendant of a contract to buy from the plaintiff eight thousand cartons of paper shoe boxes.

On July 29, 1929, an interview took place at the defendant's place of business between one Green, the plaintiff's general manager, and E. R. Apt and Arthur Apt representing the defendant. At that interview and as a result of the negotiations which then took place Arthur Apt made out and handed to Green the following "purchase order":

E. R. APT SHOE COMPANY           Purchase order
Manchester, New Hampshire
              Date, July 29–29      A N⁰ 7827

To Royal Paper Box Co          This number must appear on
     5 Appleton St   Boston        your invoice, package and
                             correspondence

PLEASE ENTER OUR ORDER AS FOLLOWS.

☞ Ship via   to be called in as needed   Department   Packing   Terms 7%   10 days.

| | Quantity | Description | Price |
|---|---|---|---|
| | | Requirements for Balance of year to Jan 1 — 1930 | |
| | | Approximate estimate | |
| Blanket Order | 4000 | #8 shu-stiles label | 1 25 |
| | 4000 | Apt Special-"   " | 1 35 |
| | | Wrapped boxes as original sample | |

### CONDITIONS

1. Acknowledge order and state when you will ship.   By.................
2. Deliver no goods without a confirmed order.
3. We reserve right to cancel, refuse or return     Confirmed by
    Merchandise not delivered as specified.          Arthur Apt

There was conflicting evidence as to what the talk was both before and at the time of the delivery of the purchase order to Green, the plaintiff's evidence tending to show that he was assured that notwithstanding the wording of the purchase order, he was getting a contract for approximately eight thousand cases in any event, and the defendant's evidence tending to show that nothing was said to that effect, but that it was explained to Green that the defendant never gave an outright order, and that Green said he "merely wanted the order to insure the fact he would get the business by the end of the year whatever it amounted to on that particular box," and that Green took the order and walked out. The next day the plaintiff wrote the defendant as follows: "We wish to acknowledge with thanks your orders No. 7827 and No. 7828. We will be able to make delivery on No. 8 Shu-Stile and Apt Specials after August 1st."

Upon the case thus presented the judge was justified in finding that "the only contract made between the parties is by the defendant's written order of July 29, 1929, and its acceptance by the plaintiff's letter of July 30." His further finding that Green "was told that he was getting an order for eight thousand cases anyway and there might be a few more than eight thousand cases" is not inconsistent with the finding first quoted. There was evidence that this was an estimate of the number likely to be needed based upon the defendant's past experience and orders for shoes then on hand. The purchase order of July 29 and the acknowledgment of July 30 indicating its final acceptance by the plaintiff are adequate and sufficiently definite to evidence a complete and enforceable contract on the terms set forth in the purchase order. *Cabot* v. *Winsor*, 1 Allen, 546, 549. *Remick* v. *Sandford*, 118 Mass. 102. See also *Thomas* v. *Barnes*, 156 Mass. 581, 583.

The purchase order is to be construed by the court with reference to the circumstances under which it was given and accepted. *Smith* v. *Faulkner*, 12 Gray, 251, 255. We think the dominant words are "Requirements for Balance of year to Jan 1–1930" and that those words are not con-

trolled or extended by the words "Approximate estimate" and the figures which follow. The word "estimate," in the connection in which it is here used, even though qualified by "Approximate," cannot fairly be enlarged to denote a warranty. The words "Blanket Order" in the column headed "Quantity" lend further support to this construction. *Brawley* v. *United States*, 96 U. S. 168. *National Publishing Co.* v. *International Paper Co.* 269 Fed. Rep. 903. *Cragin Products Co.* v. *Fitch*, 6 Fed. Rep. (2d) 557. *Marx* v. *American Malting Co.* 169 Fed. Rep. 582. *Mathieson Alkali Works* v. *Virginia Banner Coal Corp.* 147 Va. 125. *Tancred, Arrol & Co.* v. *Steel Co. of Scotland, Ltd.* 15 App. Cas. 125. See *Burgess Sulphite Fibre Co.* v. *Broomfield*, 180 Mass. 283. If business conditions after July 29, 1929, resulted in reducing the defendant's requirements for the balance of the year far below the approximate estimate, that is the misfortune of the plaintiff, and any loss to it is a consequence of the kind of agreement into which it entered. *Brawley* v. *United States*, 96 U. S. 168.

The defendant accepted only one thousand two hundred six cartons of boxes, but there was no evidence that it failed to take and to pay for as many of the boxes of the type contracted for as it required for the balance of the year to January 1, 1930. The finding for the defendant was therefore proper.

*Exceptions overruled.*