EUPHEMIA HATLEY *vs.* BERNARD J. KILLION, administrator.

Suffolk.    February 5, 1942. — March 31, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Limitations, Statute of. Executor and Administrator*, Proceedings commenced after death of decedent.

Under G. L. (Ter. Ed.) c. 260, § 10, an action for services rendered to one who died within six years after the accrual of the cause of action was not barred by the statute of limitations if brought against his personal representative within the one-year period stated in § 9 of c. 197 as amended by St. 1933, c. 221, § 4, although it was brought after the expiration of such six years.

CONTRACT. Writ in the Superior Court dated March 15, 1938.

The case was tried before *Donnelly*, J., and in this court was submitted on briefs.

*J. F. Connolly & H. J. Williams*, for the defendant.
*W. A. Kneeland & M. K. Campbell*, for the plaintiff.

Cox, J. This is an action of contract to recover the reasonable value of services rendered by the plaintiff to the defendant's testatrix from May 16, 1928, to February 1, 1932. There was a verdict for the plaintiff. The defendant's only exception is to the denial of his motion for a directed verdict, and the sole question raised is whether the plaintiff's cause of action was barred by the statute of limitations, G. L. (Ter. Ed.) c. 260, § 2, First, which provides, among other things, that actions of contract founded

upon contracts or liabilities, express or implied, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.

There was evidence that the plaintiff rendered the services to the testatrix upon her promise that if the plaintiff would come to live with her, she would "will the place there" to the plaintiff and her husband "as long as . . . [they] lived"; that in December, 1931, or January, 1932, the testatrix requested the plaintiff to leave; and that the "severance of relations as far as the house was concerned was February 1, 1932, and that, so far as performance of household duties for which she was now making claim, she severed her relations on February 1, 1932, at the same time as she moved out." The testatrix died on December 11, 1936, and the defendant was appointed administrator with the will annexed and gave bond on May 6, 1937. The plaintiff's action was commenced by writ dated March 15, 1938. It was agreed that the testatrix did not will the house where she lived to the plaintiff.

It is unnecessary to determine whether the plaintiff's cause of action (see *Rizzo* v. *Cunningham*, 303 Mass. 16, 23) arose on February 1, 1932, or on December 11, 1936, when the testatrix died. See *Daniels* v. *Newton*, 114 Mass. 530; *Tirrell* v. *Anderson*, 244 Mass. 200, 203. Compare *Parker* v. *Russell*, 133 Mass. 74; *Edwards* v. *Slate*, 184 Mass. 317. The defendant contends, however, that the plaintiff's cause of action was "complete on February 1, 1932," and that inasmuch as her writ was not brought until March 15, 1938, the statute of limitations, which was pleaded, was a bar to recovery. This last contention cannot be sustained. The plaintiff's right of action survived the death of the testatrix. See G. L. (Ter. Ed.) c. 228, § 1, as appearing in St. 1934, c. 300, § 1. General Laws (Ter. Ed.) c. 260, § 10, provides, among other things, that if a person liable to any action "before mentioned dies before the expiration of the time hereinbefore limited" (see § 2 of said c. 260), and the cause of action by law survives, the action may be commenced against the executor or administrator in accordance with the limitations provided by G. L. (Ter. Ed.) c. 197

relative to the limitation of actions against the executor or administrator by creditors of the deceased. Section 9 of said c. 197, as appearing in St. 1933, c. 221, § 4, in so far as applicable to the case at bar, gave the plaintiff one year from the time the defendant gave his bond within which to bring her action. It follows that the plaintiff's action was seasonably brought. *Hill* v. *Mixter,* 5 Allen, 27, 28. *Boston & Roxbury Mill Corp.* v. *Tyndale,* 218 Mass. 425, 429. See *Converse* v. *Johnson,* 146 Mass. 20.

*Exceptions overruled.*