WALTER H. KILHAM & others vs. DANIEL J. O'CONNELL.

Middlesex.   February 8, 1944. — March 28, 1944.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Contract*, What constitutes, Performance and breach, In writing, Entire
or divisible, With architect.   *Practice, Civil*, Ordering verdict; Ex-
ceptions: what questions open; Variance.   *Damages*, For breach of
contract.

A question of variance is not open in this court on an exception by a
defendant to the denial of a motion for a directed verdict in his favor
if the motion is not based on any question of pleading.
Evidence warranted a finding that, although an architect and a land-
owner never signed a written contract for architectural services, they
made a complete oral contract for such services by agreeing that such
services should be performed on the basis of a standard form of con-
tract and by agreeing upon the architect's rate of compensation,
which was left blank in that form.
A finding was warranted on the evidence that a contemplated written
contract for architectural services was to be merely a memorandum
of a binding agreement already concluded orally.
An architect, who made with a landowner a contract for complete archi-
tectural services in the erection of a building for a fee fixed at a cer-
tain percentage of its cost and payable in instalments, all instalments
except the last to be on account and the first to be due upon comple-
tion of the preliminary studies and to be a sum equal to one fifth of
such percentage "computed upon a reasonable estimated cost," was
entitled to recover such first instalment from the landowner after he
had completed the preliminary studies, although thereafter the land-
owner abandoned his plan to construct the building.

CONTRACT.   Writ in the Superior Court dated January
20, 1941.

The action was tried before *Collins, J.*

*G. E. Thompson & A. DiCicco, Jr.*, for the defendant,
submitted a brief.

*S. R. Wrightington*, for the plaintiffs.

RONAN, J.   This is an action of contract to recover for
services of the plaintiffs, a firm of architects, which it is
alleged were rendered to the defendant in accordance with
an oral contract of employment with him in connection with

the proposed construction of a theatre which the defendant was contemplating building upon land owned by the defendant. The jury returned a verdict for the plaintiffs. The case is here upon an exception of the defendant to the denial of his motion to direct a verdict for him.

There was evidence upon which the matters now mentioned could be found to be the facts. The defendant was conducting negotiations about August 1, 1939, with a third person for the leasing of a theatre, which the defendant was willing to build if he secured a responsible lessee on terms satisfactory to the defendant. A previous application filed by the defendant with the board of appeals of Lexington for the erection of a theatre had been refused. The plaintiff Greeley conferred with the defendant after the latter had requested an interview. At this conference Greeley, in behalf of the plaintiffs, agreed with the defendant to undertake to act as architects provided they were given sufficient time to do the work and the defendant would pay them at the rate provided for in the standard form of contract prepared by a national society of architects. The defendant stated that he was familiar with this form of contract and that he was agreeable to pay the plaintiffs at the going minimum rate of six per cent of the estimated cost of the building. A blank form of the contract was left with him. This form provided for an architect's fee based upon such percentage of the cost of the building as the parties agreed upon "with other payments and reimbursements as hereinafter provided, the said percentage being hereinafter referred to as the 'basic rate.'" Payments of this fee were to be made in instalments, the first of which, payable "Upon completion of the preliminary studies, [was to be] a sum equal to 20% of the basic rate computed upon a reasonable estimated cost." The defendant stated that the probable cost of the building was in the neighborhood of $75,000 to $80,000, and the plaintiffs estimated the cost as $80,000. A permit for the construction of the theatre was granted by the said board of appeals after a hearing which was attended by Greeley and the defendant and at which Greeley exhibited certain blueprints or plans which he had prepared.

Greeley wrote the defendant on August 4, 1939, that "We understand that you have employed us for complete services provided that permission is given you to erect the theater and that we will sign with you the printed contract which is the regular form issued by the American Institute of Architects, copy of which we left with you yesterday. This will be used without any changes but the rate will be filled in as 6%." The defendant never signed any contract with the plaintiffs. The plaintiffs completed the preliminary studies and the first payment became due before the defendant decided not to erect the building. The theatre was never built.

The defendant concedes that the evidence would warrant a finding that he agreed to pay a fee of six per cent of the estimated cost of the building but contends that there was no evidence that he agreed to pay six per cent of the cost of the building as the declaration alleged. This contention amounts to no more than a claim of a variance between the allegation and the proof. The motion to direct a verdict does not purport to be based upon any questions of pleading, and the question of variance is not open upon an exception to the denial of such a motion. *Earle C. Dodds Inc.* v. *Boston Casualty Co.* 308 Mass. 124. *Barbeau* v. *Buzzards Bay Gas Co.* 308 Mass. 245. *Berwin* v. *Levenson,* 311 Mass. 239. *Beit Bros. Inc.* v. *Irving Tanning Co.,* ante, 561. We do not intimate that if the point was saved there was any error. The testimony showed that the first payment was due before anyone could know the actual cost of the completed structure and that the parties agreed that the amount of this payment was "20% of the basic rate computed upon a reasonable estimated cost." The jury could find that the estimated cost was reasonably fixed at $80,000 and that this payment amounted to $960, which was the sum together with interest that the jury awarded the plaintiffs as damages. Moreover, the jury could find that the defendant agreed to pay on the basis of the standard form of contract, all the terms of which appeared in this form except the rate of percentage for the basic fee, so that, when the parties agreed upon six per cent, the oral contract,

when read with the standard form of contract, was left complete in all details. *Atwood* v. *Boston,* 310 Mass. 70. *Dittoe* v. *Morgan,* 207 Ky. 267. *Spencer* v. *New York,* 179 App. Div. (N. Y.) 69. *Orth & Bro.* v. *Board of Education,* 272 Penn. St. 411.

The defendant further contends that the testimony shows that the parties did not intend to enter into any binding agreement until a written contract was executed. Even though the testimony might support such a finding, *Geo. W. Wilcox, Inc.* v. *Shell Eastern Petroleum Products, Inc.* 283 Mass. 383; *Rosenfield* v. *United States Trust Co.* 290 Mass. 210, there was testimony pointing in the opposite direction. Greeley testified that he intended to have the oral bargain reduced to writing and that he wanted the defendant to sign a contract so that the plaintiffs might have something in writing that embodied the terms of their oral agreement with the defendant. Moreover, it could be found that the defendant, after he received the letter of August 4, 1939, knew that the plaintiffs were preparing blueprints and plans in accordance with their oral agreement with him as set forth in that letter, and that the defendant did not notify the plaintiffs that their understanding of the agreement was incorrect but permitted them to continue their work and did nothing to stop them. The jury could find that the parties had entered into an oral contract which prescribed the method for the computation of the plaintiffs' fee if the contract was fully performed, that the first instalment payment of this fee was definitely and accurately fixed as one fifth of the basic rate based upon the reasonable estimated cost of the building, and that the request of the plaintiffs for the execution of a written contract was merely for the purpose of having the oral contract put into permanent form. *Libbey* v. *Tidden,* 192 Mass. 175. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445. *Lisbon Spinning Co.* v. *Worcester Tire Fabric Co.* 301 Mass. 437. The question whether the parties intended that they should be bound by their oral bargain and that a written contract subsequently to be made was

simply to serve as a convenient memorial of the bargain they had already concluded, or whether they were not to be bound until they had entered into a written contract, has frequently arisen in actions at law by brokers to recover commissions, where the owner sets up the defence that the broker's customer never entered into a written agreement with the owner which both the customer and the owner intended should be executed before either should be bound. *Donovan* v. *Freeman*, 263 Mass. 561.  *Bines* v. *Rosen*, 263 Mass. 562.  *Lieberman* v. *Cohn*, 288 Mass. 327.  *Church* v. *Lawyers Mortgage Investment Corp. of Boston, ante*, 1.

The final contention of the defendant is that the plaintiffs could not recover the first payment under the oral contract because the contract provides that all payments except the last were to be on account, and that failure of the plaintiffs to prove full performance bars recovery on the contract even if full performance was prevented by the failure of the defendant to construct the theatre.  The jury could find that the plaintiffs, acting under the oral contract, had done all that they were required to do in order to earn the first instalment payment of their fee and that this instalment was due before the defendant abandoned his plan to build the theatre.  Upon such a finding being made, the plaintiffs became entitled to the instalment payment and there was no error in permitting the jury to award that payment to them.  *Barrie* v. *Earle*, 143 Mass. 1.  *Edward Thompson Co.* v. *Washburn*, 191 Mass. 6.  *Clark-Rice Corp.* v. *Waltham Bleachery & Dye Works*, 267 Mass. 402.  *Bianchi Bros. Inc.* v. *Gendron*, 292 Mass. 438.  *Watson* v. *Berman*, 302 Mass. 305.  *Carrig* v. *Gilbert-Varker Corp.* 314 Mass. 351.

*Exceptions overruled.*