## BRIGHTWATER PAPER CO. v. MONADNOCK PAPER MILLS.

Nos. 4234, 4235.

Circuit Court of Appeals, First Circuit.

June 4, 1947.

See also, D.C., 2 F.R.D. 547.

Damon E. Hall, of Boston, Mass. and Walter J. Donovan, of Adams, Mass. (Philip N. Jones, of Boston, Mass., on the brief), for Brightwater Paper Co.

William B. Sleigh, Jr., of Boston, Mass. (Gardner W. Russell, of Boston, Mass., on the brief), for Monadnock Paper Mills.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This case is before us on cross-appeals from the decision of the district court which awarded damages to the plaintiff for breach of alleged contracts and which granted recovery to the defendant on its counterclaim. The plaintiff, Brightwater Paper Company, is a Delaware corporation doing business in Massachusetts and the defendant, Monadnock Paper Mills, is a Maine corporation operating a paper mill in New Hampshire. Jurisdiction is based on diversity of citizenship and the sum in controversy exceeds $3,000. We refer to the opinion of the district court for a full and complete statement of the facts. D.C., 68 F.Supp. 714.

The plaintiff brought suit for damages for breach by the defendant of a series of alleged contracts. The defendant answered and put in a counterclaim for the contract price of goods delivered to and accepted by the plaintiff for which the plaintiff had neglected to pay as required by the alleged contracts. The court below awarded damages to the plaintiff for the breach of some of the agreements and held that the rest did not constitute valid bind-

ing contracts for whose breach damages could be awarded. Recovery on the defendant's counterclaim was allowed in full. Plaintiff in its appeal alleged that the district court erred in ruling that the agreements in the last group were not enforceable bilateral contracts and in denying recovery thereon, and likewise in permitting recovery on the counterclaim. In its cross-appeal defendant alleges that none of these agreements constituted valid contracts, and that, even if they did, the court erred in computing the plaintiff's damages. We find no merit in any of the points urged before us.

■ The district court in a lengthy and well reasoned opinion divided the agreements in suit into three separate groups. The first two groups were held to constitute valid and enforceable bilateral contracts. In the first group of agreements the court found that the plaintiff had expressly agreed to order from the defendant all the paper of named grades and quality that it required for its Courier-Citizen business and that the defendant had agreed to furnish this type of paper at a stated price and had agreed not to sell this paper directly to the Courier-Citizen Company. Although the exact quantity is not defined, such a "requirements" contract is a valid contract since the obligation of both parties is or can be ascertained. Royal Paper Box Co. v. E. R. Apt Shoe Co., 1935, 290 Mass. 207, 195 N.E. 96; 1 Williston, Contracts (Rev. Ed.) § 104A. Mutuality of obligation and sufficient certainty do exist to constitute an enforceable bilateral contract. Nor can we say that the district court committed error by considering this express promise of the defendant which was not incorporated in the written instrument since the written agreements stated "and other valuable consideration"; and in such a situation it is permissible to determine what the additional consideration was since it is clear from the writing that the consideration mentioned was not the sole consideration intended. See DeAngelis v. Palladino, 1945, 318 Mass. 251, 61 N. E.2d 117; 1 Williston, Contracts (Rev. Ed.) § 115B; Restatement, Contracts § 82, Illus. 1.

■ The agreements in the second group were also held valid as "requirements" contracts although in this instance there was no express promise to purchase all of the types and grades of paper named. But there was expressed a promise by the defendant not to sell these grades of paper to the customers for whose requirements the plaintiff was to purchase this paper. Since the defendant agreed not to sell to these customers and agreed to sell to the plaintiff all of the specified grades of paper that it made for these customers, the court below was justified in reasoning that there was necessarily implied in the contract a promise by the plaintiff to purchase its requirements for these customers from the defendant. Wood v. Lucy, Lady Duff-Gordon, 1917, 222 N.Y. 88, 118 N.E. 214; Ehrenworth v. George F. Stuhmer, & Co., 1920, 229 N.Y. 210, 128 N.E. 108; 1 Williston, Contracts (Rev. Ed.) § 90. Moreover, this implication is supported by the fact that during the life of the contract plaintiff did order all its requirements for these named customers from the defendant.

■■ But the court held that the agreements in the third group were not valid contracts. Here there existed no express or implied obligation on the plaintiff to order or take any of the named grades of paper. In fact it did manufacture much of these grades of paper itself. Since these agreements lacked a definite obligation on the part of the plaintiff, the court below rightly concluded that there was insufficient consideration to constitute valid and enforceable bilateral contracts. Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co., 8 Cir., 1902, 114 F. 77, 57 L.R.A. 696; Gill v. Richmond Co-operative Ass'n, Inc., 1941, 309 Mass. 73, 34 N.E.2d 509; 1 Williston, Contracts (Rev. Ed.) §§ 49, 104. The plaintiff asserts that what was consideration for the first two groups was also consideration for the last group of agreements; that one consideration may support several promises. The accuracy of this general statement cannot be doubted. 1 Williston Contracts (Rev. Ed.) § 137A. But the court below considered that these several agreements, some 70 in all and all supplemental to a main agreement, consti-

872

tuted separate agreements and not one entire contract. The obligations of the parties and performances contemplated varied with each agreement. This construction of the agreements by the district court does not constitute error. Consideration being absent, the requisites of a contract, bilateral or unilateral, are therefore lacking with respect to this group of agreements. A close reading of the alleged contracts supports the conclusion that they constituted no more than pricing arrangements. Gill v. Richmond , Co-operative Assn., Inc., supra.

■ The measure of damages used by the court was the difference between the contract price and the market price. The defendant contends that the plaintiff's damages should be limited to the loss of its prospective profits. The court below ruled that § 67 of the Sales Act, Mass.Gen.Laws c. 106, § 56, precluded the possibility of damages less than the difference between contract price and market price. Williston at section 1386 concludes that this result is both sound in principle and desirable from the standpoint of maintaining a uniform rule.

■ With reference to defendant's counterclaim the plaintiff asserts that because defendant first broke the contract it should not be allowed now to recover on the contract or even in quantum meruit. The answer to the plaintiff's position turns on whether the contracts were entire or divisible. The court below ruled that since deliveries were contemplated at different times and prices were based on the quantities delivered and not as one contract price, the contracts were divisible. Ample

support in reason and authority exists for this conclusion. Carrig v. Gilbert-Varker Corp., 1943; 314 Mass. 351, 50 N.E.2d 59, 147 A.L.R. 927; Mark v. Stuart-Howland Co., 1917, 226 Mass. 35, 115 N.E. 42, 2 A.L.R. 678; 3 Williston, Contracts §§ 860 A, 861, 871.

The judgment of the District Court is affirmed.